Uri DOWBENKO, pro se, Plaintiff,

v.

GOOGLE INC., et al, Defendants.

Case No. 13–cv–23546–UU.

United States District Court,
S.D. Florida.

Dec. 19, 2013.

———

Uri Dowbenko, Miami Beach, FL, pro se.

Edward M. Mullins, Regan N. Kruse, Astigarraga Davis Mullins & Grossman, PA, Miami, FL, for Defendants.

## ORDER ON MOTION TO DISMISS

URSULA UNGARO, District Judge.

THIS CAUSE comes before the Court upon Defendant Google Inc.'s Motion to Dismiss. D.E. 18.

THE COURT has considered the motion and the pertinent portions of the record, and is otherwise fully advised in the premises. The motion has been fully briefed, and is ripe for determination.

### BACKGROUND

The facts as alleged in Plaintiff's First Amended Complaint, and interpreted in the light most favorable to Plaintiff, are as follows. Defendant Google Inc. ("Google") owns, controls, and maintains the websites "www.google.com" and "http://americanloons.blogspot.com" ("the American Loons Blog"). First Amended Complaint at ¶ 6. Google posted on the American Loon Blog an article containing false and disparaging content about Plaintiff, *id.* at ¶ 9, and a photograph of Plaintiff that is protected by copyright. *Id.* at ¶ 43. Further, Google, which maintains a search engine website, manipulated the algorithm that determines the order of the results of search inquiries so that a link to the defamatory American Loons Blog would appear immediately below a link to Plaintiff's own website. *Id.* at ¶ 13. Plaintiff alleges that these actions have caused injury, and brought claims against Google and certain Google executives for Defamation, False Light Invasion of Privacy, Copyright Infringement, and a violation of the Racketeering Influenced and Corrupt Organizations ("RICO") Act. Google now moves to dismiss all counts. D.E. 18.

### LEGAL STANDARD

On a Rule 12(b)(6) motion to dismiss the complaint for failure to state a claim, the Court considers only the four corners of

the complaint, along with any documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007). Factual allegations in the complaint are taken as true and construed in the light most favorable to the plaintiff. *Edwards v. Prime Inc.,* 602 F.3d 1276, 1291 (11th Cir.2010). The Court does not view each fact in isolation, but rather considers the complaint in its entirety. *Tellabs, Inc.,* 551 U.S. at 322, 127 S.Ct. 2499. Conclusory allegations will not suffice to state a claim; the complaint must allege sufficient facts to state a plausible claim to relief. *See Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ("[T]he complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."). This means that the factual content of the complaint must "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678, 129 S.Ct. 1937. "Dismissal for failure to state a claim is proper if the factual allegations are not 'enough to raise a right to relief above the speculative level.'" *Edwards,* 602 F.3d at 1291 (quoting *Rivell v. Private Health Care Systems, Inc.,* 520 F.3d 1308, 1309 (11th Cir.2008)).

### *ANALYSIS*

While Defendant moves to dismiss each of Plaintiff's four counts, Plaintiff only argues the sufficiency of its Defamation (Count I) and False Light Invasion of Privacy (Count II) claims. Accordingly, Plaintiff's claims for Copyright Infringement (Count III) and RICO Act violations (Count IV) are DISMISSED by default.

Section 230 of the Community Decency Act ("DCA") immunizes internet service providers from liability for content originated by others. 47 U.S.C. § 230(c)(1).

This immunity preempts state law that otherwise provides for liability. 47 U.S.C. § 230(e)(3); *Doe v. Am. Online, Inc.,* 783 So.2d 1010, 1018 (Fla.2001) (holding that Section 230 preempts Florida law). Plaintiff concedes that Google is an Internet Service Provider, but argues that it has sufficiently alleged that the infringing content originated with Google or its executives.

But this allegation is inadequate under *Twombly.* Plaintiff does not dispute that the content of any particular blogspot.com blog is created by the individual blogger, D.E. 18 at 3, and nothing in the complaint supports Plaintiff's allegation that any Google executive was personally responsible for the content of the American Loons Blog. The allegation is simply implausible. Accordingly, Plaintiff's claims for Defamation (COUNT I) and False Light Invasion of Privacy (COUNT II) are DISMISSED WITH PREJUDICE.

### *CONCLUSION*

In accordance with the foregoing, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss, (D.E. 18), is GRANTED. Plaintiffs claims as against Google Inc., Larry Page, Eric E. Schmidt, Sergey Brin, and David C. Drummond are DISMISSED.